UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>64 KILOGRAMS OF PSEUDOEPHEDRINE,<br><br>          Defendant. | NO. CV-11-058-EFS<br><br>**FINAL ORDER OF FORFEITURE** |

   Before the Court, without oral argument, is Plaintiff United States of America's Motion for Entry of the Final Order of Forfeiture, ECF No. 8. Plaintiff alleged in a Verified Complaint for Forfeiture In Rem, ECF No. 1, that the Defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881. The Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. Venue is proper pursuant to 28 U.S.C. § 1395.

   The Defendant property being forfeited is described as follows:

   Approximately 64 kilograms of pseudoephedrine, contained in two backpacks seized on or about November 5, 2008, with an estimated value of $1,433,520.00.

   On April 8, 2009, the United States and Antonio Carranza-Mendoza entered into a plea agreement in the related criminal matter *United*

ORDER ~ 1

*States v. Antonio Carranza-Mendoza a/k/a Hugo Zuniga-Villalvana*, CR-08-00181-LRS-1, wherein Antonio Carranza-Mendoza plead guilty to one count of Conspiracy to Import Pseudoephedrine, and agreed to the forfeiture of the Defendant pseudoephedrine. CR-08-00181-LRS-1, ECF No. 159. Therefore, any claims to the Defendant pseudoephedrine made by Antonio Carranza-Mendoza have been resolved by the plea agreement entered in the related criminal case, and he has no interest in the Defendant pseudoephedrine.

On April 8, 2009, the United States and Guillermo Alvarez-Raya entered into a plea agreement in the related criminal matter *United States v. Guillermo Alvarez-Raya*, CR-08-00181-LRS-4, wherein Guillermo Alvarez-Raya plead guilty to one count of Conspiracy to Import Pseudoephedrine, and agreed to the forfeiture of the Defendant pseudoephedrine. CR-08-00181-LRS-4, ECF No. 160. Therefore, any claims to the Defendant pseudoephedrine made by Antonio Carranza-Mendoza have been resolved by the plea agreement entered in the related criminal case, and he has no interest in the Defendant pseudoephedrine.

On May 20, 2009, the United States and Eusebio Santos-Moreno entered into a plea agreement in the related criminal matter *United States v. Eusebio Santos-Moreno*, CR-08-00181-LRS-2, wherein Eusebio Santos-Moreno plead guilty to one count of Importation of Pseudoephedrine, and agreed to the forfeiture of the Defendant pseudoephedrine. CR-08-00181-LRS-2, ECF No. 184. Therefore, any claims to the Defendant pseudoephedrine made by Eusebio Santos-Moreno have been resolved by the plea agreement entered in the related criminal case, and he has no interest in the Defendant pseudoephedrine.

1   On May 20, 2009, Juan Manuel Carranza-Torrez entered a guilty plea in the related criminal matter *United States v. Juan Manuel Carranza-Torrez*, CR-08-00181-LRS-3, wherein Juan Manuel Carranza-Torrez plead guilty to one count of Importation of Pseudoephedrine. The forfeiture of the Defendant pseudoephedrine was included in his Judgment. CR-08-00181-LRS-3, ECF No. 229. Therefore, any claims to the Defendant pseudoephedrine made by Juan Manuel Carranza-Torrez have been resolved by the Judgment entered in the related criminal case, and he has no interest in the Defendant pseudoephedrine.

The Notice of Complaint was posted on the official government website www.forfeiture.gov as required by Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions from March 22 through April 20, 2011. ECF No. 7. Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims, Fed. R. Civ. P., and 18 U.S.C. § 983(a)(4)(A), require that claimants file a claim within sixty (60) days after first date of publication, or within thirty (35) days after service of the complaint, whichever occurs first. At the latest this 60-day period expired on May 21, 2011. No claims to the Defendant pseudoephedrine have been filed.

It appearing that 1) the potential claimants' interest in the Defendant pseudoephedrine has been resolved through the entry of plea agreements or criminal judgments in the related criminal matter; and 2) no timely claims have been made to the Defendant pseudoephedrine, **IT IS HEREBY ORDERED**:

1. The approximately 64 kilograms of pseudoephedrine, contained in two backpacks seized on or about November 5, 2008, with an estimated

ORDER ~ 3

value of $1,433,520.00, is hereby forfeited to the United States of America, and no right, title, or interest shall exist in any other person.

    2.    The United States shall dispose of the forfeited Defendant property described herein in accordance with law.

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and to provide copies to all counsel.

**DATED** this ___10th___ day of June 2011.

                        s/Edward F. Shea
                        EDWARD F. SHEA
                  United States District Judge

Q:\Civil\2011\58.final.forfeit.2.wpd

ORDER ~ 4